UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL A. JONES,

        Petitioner,

-against-

ANTIONETTE COURT,

        Respondent.

1:24-CV-6646 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated September 23, 2024, and entered on September 30, 2024, and by judgment dated and entered on September 30, 2024, the Court dismissed this *pro se* action. (ECF 5 & 6.) On October 22, 2024, the court received a notice of appeal, a motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP from Petitioner. (ECF 7 & 8.)

    For the following reasons, the Court denies Petitioner's Rule 4(a)(5) motion as unnecessary, and denies his motion for leave to proceed IFP on appeal and his application to appeal IFP.

## DISCUSSION

### A.    Rule 4(a)(5) motion

    A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). Thus, Petitioner had until October 30, 2024, to file a timely notice of appeal with regard to the abovementioned order of dismissal and judgment. The court received Petitioner's notice of appeal on October 22, 2024,

before the relevant period to file his notice of appeal expired.[1] (ECF 9.) Accordingly, the Court denies Petitioner's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

**B.     IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its September 23, 2024 order, and again, in its September 30, 2024 judgment, the Court certified, under Section 1915(a)(3), that any appeal from that order and judgment would not be taken in good faith (ECF 5 & 6), denying IFP for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's September 23, 2024 order and its September 30, 2024 judgment would not be taken in good faith, the Court denies Petitioner's motion for leave to proceed IFP on appeal and his application to appeal IFP.

## CONCLUSION

The Court denies Petitioner's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 7), as unnecessary, because his notice of appeal (ECF 8) is timely. The Court also denies Petitioner's motion for leave to proceed IFP on appeal and application to appeal IFP. (*Id.*)

---

[1] Because Petitioner was in custody at the time that he filed his notice of appeal, it is deemed filed as of the date that he submitted it to his facility's officials for its mailing to the court, *see Houston v. Lack*, 487 U.S. 266 (1988); that date appears to have been on or about October 10, 2024 (ECF 8, at 1), when his notice of appeal was dated, *see Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) (in the context of this "prison mailbox rule," "in the absence of contrary evidence, district courts in this circuit have tended to assume that [a] prisoner['s] papers were given to prison officials on the date of their signing").

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 12, 2024
          New York, New York

                                           /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge